IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee F. Williamson, | ) No. CV-11-2228-PHX-ROS (LOA) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Randy L. Tews, et al., | ) |
| Respondents. | ) |

     This habeas action arises on Petitioner's January 7, 2011 *pro se* Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus, which was construed by the United States District Court for the Northern District of California as a 28 U.S.C. § 2254 petition, challenging Petitioner's Arizona state-court sentence to probation in 2008. (Docs. 1-2) The Northern District of California transferred this habeas action to the District Court of Arizona on November 10, 2011, on the basis that Petitioner is challenging her state-court sentence. Such "[p]etitions challenging a conviction are preferably heard in the district of conviction." (Doc. 2 at 2) (citations omitted). Respondents filed a Response, doc. 9, on January 25, 2012, and Petitioner filed a Reply, doc. 10, on February 15, 2012. Petitioner's writ of mandamus to the Ninth Circuit Court of Appeals was summarily denied on May 8, 2012, for failure to demonstrate the need for immediate appellate intervention. (Doc. 11) The Petition is ready for disposition.

## I. Background

Petitioner Renee F. Williamson is currently confined at the Federal Correctional Institution in Dublin, California. On September 25, 2008, she was sentenced on pleas of guilty in the Maricopa County Superior Court to Possession of Drug Paraphernalia and Theft, both Class 6 undesignated felonies. (Doc. 9-1, Exhibits ("Exhs.") C and D at 11-19). The Superior Court[1] suspended the imposition of sentences, ordered Petitioner to serve two concurrent two-year terms of supervised probation, commencing immediately; imposed restitution to the theft victim; and ordered the payment of various fines, fees and surcharges. (*Id.*) Petitioner did not file a direct appeal of her sentences. (Doc. 9 at 9)

Less than a month later, on October 22, 2008, Petitioner was indicted on one count of Conspiracy to Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine in the United States District Court for the Western District of Texas, Midland Division. (Doc. 9-1, Exh. E at 26-27; CR. NO. MO-08-CR-221) The indictment alleged the criminal conspiracy occurred "[f]rom on or about January 1, 2007 to on or about October 6, 2008[.]" (*Id.* at 26) After a plea of guilty on February 2, 2009 to Conspiracy to Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine, on April 30, 2009, Petitioner was sentenced to 210 months in the Bureau of Prisons, followed by a five-year term of supervised release, by the Hon. Robert A. Junell, United States District Judge. (Docs. 1 at 9; 9-1, Exh. E at 22, 29) Taking judicial notice of Petitioner's factual basis, signed on February 2, 2009,[2] Petitioner assisted a drug trafficking organization "by transporting several loads of methamphetamine from Arizona to Odessa during [the

---

[1] The Honorable Michael W. Kemp, Maricopa County Superior Court Judge, sentenced Petitioner and later denied Petitioner's Motion to Terminate Probation and Quash Warrant(s).

[2] A district court may properly take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201, Fed.R.Evid. A district court may take judicial notice of public filings. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

- 2 -

1  conspiracy] time period. . . On August 8, 2008, DEA agents seized a corvette driven by
2  [Petitioner] from Arizona to Odessa, which contained two (2) pounds of meth." (Doc. 137
3  in CR. NO. MO-08-CR-221) This criminal conduct occurred before Petitioner was sentenced
4  to probation on September 25, 2008 by the Maricopa County Superior Court.

5  On August 10, 2009, the Maricopa County Probation Department filed a petition to
6  revoke Petitioner's probation. (Doc. 9-1, Exh. G at 37)  Because a copy of the petition to
7  revoke Petitioner's probation is not part of this record, the Court is unable to determine the
8  terms Petitioner allegedly violated. On August 25, 2010, Petitioner filed a Motion to
9  Terminate Probation and Quash Warrant(s) in the Superior Court of Maricopa County.  (*Id*.
10 at 21) In her Motion, Petitioner argued that she was not able to begin her probation in
11 Arizona because she was in the Western District of Texas on federal drug trafficking
12 charges, for which she was subsequently incarcerated. (*Id.* at 22)  Petitioner requested the
13 Superior Court "[r]ecall the warrant(s) for the probation violation and to terminate her
14 probation, even though she did not successfully begin or complete her sentence of
15 probation." (*Id.*)  She contended she was unable to serve her State probationary sentence
16 during this period due to "her federally imposed incarceration." (*Id.*)  She further argued the
17 detainers and arrest warrants for probation violations in Arizona increased her BOP security
18 level and interfered with her ability to participate in certain programs. (*Id.* at 23)

19 The Superior Court deemed her Motion to Terminate Probation and Quash Warrant(s)
20 as an untimely petition for post-conviction relief under Rule 32.3, Arizona Rules of Criminal
21 Procedure. (Doc. 9-1, Exh. F at 33-34) The Superior Court denied her Motion, concluding
22 it had "no inherent authority to modify lawfully-imposed sentences[,]" citing, *inter alia*,
23 *State v. Glasscock*, 168 Ariz. 265, 267, 812 P.2d 1083, 1085 (Az. Ct. App. 1990) as
24 Petitioner "offer[ed] no facts, evidence, affidavits, or records to support any claims that
25 could be raised in a Rule [32[3]] proceeding, as required by Rule 32.5, Ariz. R. Crim. P." (*Id.*)

---

[3] The Court believes the September 7, 2010 minute entry's reference to "Rule 23" was a clerical error, and it should read "Rule 32." There is no Rule 23, Ariz.R.Crim.P., and Rule 23.1, Ariz.R.Crim.P., addresses "Time and form of verdict."

- 3 -

**A. The Allegations**

Petitioner filed her Petition for Habeas Corpus Relief on January 7, 2011 in the Northern District of California, which transferred this case to the District Court of Arizona on November 10, 2011. (Docs. 1-2) In her Petition, Petitioner alleges her Fifth and Fourteenth Amendment rights to due process were violated based on a "[r]evocation of [her] [p]robation without a [h]earing[,]"[4] as was her Sixth Amendment right to a speedy trial. (Doc. 1 at 6)  On a collateral issue, Petitioner claims the Northern District of California Court erred when it construed her § 2241 Petition as a § 2254 Petition. (*Id.*)

Respondents argue the Petition is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 9 at 4) As shown below, the AEDPA provides for a one-year statute of limitations from the date the state court decision became final. Respondents contend that under the AEDPA, the clock began to run on December 29, 2008, and that Petitioner did not file her Petition until January 7, 2011, more than one year after the expiration of the limitations period. (*Id.*)  Respondents maintain that an untimely state post-conviction petition does not restart an already expired statute of limitations, citing *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). (*Id.*)

Respondents further argue that Petitioner's habeas petition is not subject to equitable tolling because Petitioner does not fall within the parameters of the recent Supreme Court case, *Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010), which requires that it is the "litigant seeking equitable tolling who bears the burden of establishing both elements: that [s]he has been pursuing [her] rights diligently, and that some extraordinary circumstances stood in [her] way." Respondents contend that Petitioner failed to establish either element.

---

[4] The State record does not reflect Petitioner's probation has been revoked as she alleges in the Petition. In fact, the record suggests that Maricopa County's petition to revoke Petitioner's probation was dismissed on September 17, 2010. (Doc. 9-1 at 36) An arrest warrant was issued on September 30, 2010 which serves as a detainer or hold on Petitioner when she is released from federal custody. A petition to revoke probation may have been filed under seal which would not be known by viewing the public record.

- 4 -

Lastly, Respondents argue that Petitioner has failed to exhaust her state-court remedies under 28 U.S.C. § 2254(b)(1)(A).

## II. Discussion and Analysis

### A. 28 U.S.C. § 2254

Initially, the Court concurs with the district judge in the Northern District of California that Petitioner's *pro se* Application for Writ of Habeas Corpus, filed under 28 U.S.C. § 2241, is properly construed as a § 2254 Petition. "Section 2254 is the *exclusive* avenue . . . to challenge the constitutionality of [Petitioner's future state] detention, even when the petition only challenges the execution of the sentence and not the underlying conviction itself." *Guillen v. Ryan*, 2010 WL 2790144, at *1 (D. Ariz. July 14, 2010) (emphasis added) (citing *White v. Lambert*, 370 F.3d 1002, 1005, 1009 (9th Cir. 2004)) (adopting the majority view that distinguishes between a prisoner's ability to resort to § 2241 to attack the execution of a sentence and the structural differences in the habeas statutes that renders a prisoner's resort to § 2241 improper to challenge the execution of a state sentence). Thus, a "[p]etitioner may not, therefore, obtain habeas relief as to the execution of [her] Arizona state sentence under § 2241." *Id*. The fact the Petitioner is currently in federal custody is irrelevant for purposes of her Petition. Because Petitioner is challenging her State sentence and detainer, § 2254 is the appropriate vehicle for obtaining habeas relief under her present circumstances.

Although not precisely on point, Petitioner's case is factually similar to *Davidson v. Daniels,* 2005 WL 1586866 (D. Or. June 30, 2005). In *Davidson,* petitioner sought to challenge a detainer issued against him by the State of Oregon on due process grounds because the State of Oregon relinquished jurisdiction to the federal authorities, "thereby allowing the state and federal sentences to expire simultaneously." *Davidson*, 2005 WL 1586866, at *1. Davidson argued that his Oregon sentence expired because it ran concurrently with his federal sentence, and, therefore, the detainer the State lodged violated Petitioner's rights to due process. *Id.* at *2. Davidson further alleged that the "detainer unlawfully place[d] a liberty constraint on him thereby violating a constitutionally-protected

liberty interest." *Id.* The federal district court held that "[b]ecause petitioner attack[ed] the validity of his future confinement within the Oregon Department of Corrections, . . . the court converted [his 28 U.S.C. § 2241] case into a 28 U.S.C. § 2254 action. *Id.* As in *Davidson*, Petitioner here is attacking the validity of her potential future confinement by the State of Arizona, and, therefore, the District Court for the Northern District of California properly converted Petitioner's 28 U.S.C. § 2241 petition into a § 2254 petition.

**B. Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d). The one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (stating that "in Arizona, post-conviction 'proceedings begin with the filing of the Notice'. . . Thus, where notice is filed in conformity with the pertinent Arizona statutory provisions and contains a specific prayer for relief in the form of a request for a new trial, 'it is sufficient to toll the AEDPA statute of limitations.'"). By pleading guilty, Petitioner waived her right to a direct appeal, but retained the right to seek review in a petition for post-conviction relief under Ariz.R.Crim.P. 32, a so-called Rule 32 of-right proceeding. *See* Ariz.R.Crim.P. 32.1. The record indicates that Petitioner did not file a direct appeal in her State case and she does not contend that she did. In fact, Petitioner states in her Reply that she is not appealing her case, her sentence, nor any part of her plea agreement. (Doc. 10 at 1)

To assess the timeliness of the Petition for Writ of Habeas Corpus, the Court must

first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Here, following her pleas of guilty and September 25, 2008 sentences, Petitioner did not file either a notice of direct appeal or a petition for post-conviction relief under Rule 32, Ariz.R.Crim.P. Accordingly, her State conviction became final on December 26, 2008. Rule 32.4, Ariz.R.Crim.P., provides that in non-capital cases, "the notice [of post-conviction relief] must be filed within ninety days after entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later . . . ." Thus, the AEDPA limitations period commenced on December 26, 2008. 28 U.S.C. § 2244(d). The clock under AEDPA began to run on that date and expired one year later on December 27, 2009. Petitioner did not file her pending Petition for Writ of Habeas Corpus until January 7, 2011. (Doc. 1) Accordingly, the Petition is untimely and subject to dismissal. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that time limits for filing a state post-conviction petition are filing conditions which, if not met, preclude a finding that a state petition was properly filed). The Court agrees with the Superior Court that Petitioner's August 25, 2010 Motion to Terminate Probation and Quash Warrant(s), even if broadly construed as a petition for post-conviction relief under Rule 32.3, Ariz.R.Crim.P., as the Superior Court did, was untimely. Because Petitioner did not properly present any of her claims to the Arizona courts, her claims are procedurally defaulted and barred from federal review. Unless it elects to do so, the Court need not reach the merits of Petitioner's claims unless equitable tolling applies or Petitioner can show either cause and prejudice or a fundamental miscarriage of justice.

**1. Equitable Tolling**

Section 2244(d)'s limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland*, 130 S.Ct. at 2560; *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009). However, equitable tolling is not available in most cases. "Indeed, 'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation and alteration omitted). A petitioner is entitled to equitable tolling only if she

1  establishes two elements: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that
2  some extraordinary circumstance stood in h[er] way." *Pace*, 544 U.S. at 418. "The diligence
3  required for equitable tolling purposes is  reasonable diligence, not maximum feasible
4  diligence." *Holland*, 130 S.Ct. at 2565 (internal citations and quotations omitted). Further,
5  a petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance
6  warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see
7  also Fisher v. Johnson*, 174 F.3d 710, 714-716 (5th Cir. 1999) ("ignorance of the law, even
8  for an incarcerated pro se petitioner, generally does not" warrant equitable tolling of the
9  AEDPA statute of limitations).

10  Respondents correctly point out that Petitioner offers no explanation why her habeas
11 petition was not timely filed by December 29, 2009, nor has she asserted she exercised
12 diligence in pursuing her rights prior to filing the Petition on January 7, 2011. (Doc. 9 at 5-6)
13 Petitioner raised no grounds for equitable tolling in either her Petition or her Reply.
14 Moreover, no grounds justifying equitable tolling are discernible from the record. Because
15 Petitioner has failed to demonstrate that she diligently pursued her rights and that
16 extraordinary circumstances prevented her from filing a timely federal habeas petition,
17 Petitioner's case is not subject to equitable tolling.

18  **C. Exhaustion and Procedural Bar**

19  Respondents argue that Petitioner's claims are procedurally defaulted and barred from
20 federal habeas corpus review by virtue of the Superior Court's denial of those claims on the
21 basis of an adequate and independent state-law ground. (Doc. 9 at 7) They contend Petitioner
22 did not properly exhaust the claim presented in her August 25, 2010 motion because she did
23 not present it to the Arizona Court of Appeals upon the trial court's decision denying post-
24 conviction relief. (*Id.*)  Petitioner's Reply does not address the issue whether she properly
25 exhausted his claims. (Doc. 10) Nevertheless, the Court will discuss the procedural bar issue
26 hereinafter.

27  **1. Applicable Law**

28  Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless

the petitioner has exhausted the state remedies available to her. 28 U.S.C. § 2254(b). When seeking habeas relief, a petitioner bears the burden of showing that she has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*). The exhaustion inquiry focuses on the availability of state remedies at the time the petition for writ of habeas corpus is filed in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The prisoner "shall not be deemed to have exhausted . . . if [s]he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In other words, proper exhaustion requires the prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. 845. "One complete round" includes filing a "petition[] for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id.*

To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of her federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief. *Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

In addition to presenting her claims to the proper court, a state prisoner must fairly present her claims to that court to satisfy the exhaustion requirement. A claim is "fairly presented" in state court only if a petitioner has described both the operative facts and the federal legal theory on which his claim is based. *Reese*, 541 U.S. at 28. It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. *Id.* (stating that a reference to ineffective

assistance of counsel does not alert the court to federal nature of the claim).  Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001).  Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial").  Likewise, a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668.  A state prisoner does not fairly present a claim to the state court if the court must read beyond the pleadings filed in that court to discover the federal claim.  *Baldwin*, 541 U.S. at 27.  In sum, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

     A habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds such as waiver or preclusion. *See Beard v. Kindler*, 558 U.S. 53, 130 S.Ct. 612, 614-19 (2009); *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 729-30. Thus, a petitioner may be barred from raising federal claims that she did not preserve in state court by making a contemporaneous objection at trial, on direct appeal, or when seeking post-

conviction relief. *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) (stating that failure to raise contemporaneous objection to alleged violation of federal rights during state trial constitutes a procedural default of that issue); *Thomas v. Lewis*, 945 F.2d 1119, 1121 (9th Cir. 1991) (finding claim procedurally defaulted where the Arizona Court of Appeals held that the habeas petitioner waived claims by failing to raise them on direct appeal or in first petition for post-conviction relief.). If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Carringer v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, *en banc* court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review). A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. *Nunnemaker*, 501 U.S. at 803. However, "in order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of Petitioner's default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). The Supreme Court had held that "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review," and that "a discretionary rule can be 'firmly established' and 'regularly followed' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not in others." *Kindler*, 558 U.S. 53, 130 S.Ct. at 618. Likewise, occasionally excusing non-compliance with a procedural rule does not render a state procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n. 6 (1989).

     Arizona courts have been consistent in their application of procedural default rules. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Arizona Rule of Criminal Procedure 32.2(a) is an adequate and independent procedural bar); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008) (stating that "[p]reclusion of issues for failure to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2(a)(3) 'are independent

of federal law because they do not depend upon a federal constitutional ruling on the merits.'") (footnote omitted) (quoting *Smith*, 536 U.S. at 860); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly" followed Rule 32).

The second procedural default scenario arises when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state courts' procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (Ariz. 1996); Ariz.R.Crim.P. 32.2(a), (b); 32.1(a)(3) (post-conviction review is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Rule 32.4(a), Ariz.R.Crim.P., as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). This type of procedural default is known as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94, (2004); *Hughes,* 800 F.2d at 907-08. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel.

*Id.* Ordinarily, the ineffective assistance of counsel in collateral proceedings does not constitute cause because "the right to counsel does not extend to state collateral proceedings or federal habeas proceedings." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996).

Prejudice is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish cause, the court need not reach the prejudice prong.

A federal court may also review the merits of a procedurally defaulted claim if petitioner demonstrates that failure to consider the merits of his claim will result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A "fundamental miscarriage of justice" occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Id.* at 327; 28 U.S.C. § 2254(c)(2)(B). Even if a petitioner asserts a claim of actual innocence to excuse his procedural default of a federal claim, federal habeas relief may not be granted absent a finding of an independent constitutional violation occurring in the state criminal proceedings. *Dretke*, 541 U.S. at 393-94.

As set forth above, Petitioner's are procedurally defaulted and barred from federal habeas corpus review absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice."

**2. Cause and Prejudice**

To establish "cause," a petitioner must establish that some objective factor external to the defense impeded her efforts to comply with the state's procedural rules. *Murray*, 477

1  U.S. at 488-492. The following objective factors may constitute cause: (1) interference by
2  state officials, (2) a showing that the factual or legal basis for a claim was not reasonably
3  available, or (3) constitutionally ineffective assistance of counsel. *Id.* Prejudice is actual
4  harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d
5  240, 244 (9th Cir. 1984). Where a petitioner fails to establish cause for her procedural
6  default, a court need not consider whether petitioner has shown actual prejudice resulting
7  from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

8  Petitioner does not assert any basis to overcome the procedural bar. (Doc. 10) As set
9  forth above, the procedural grounds upon which the Superior Court relied in rejecting
10 Petitioner's August 25, 2010 motion were both adequate and independent, and regularly
11 followed by the Arizona courts. Because Petitioner offers no legitimate "cause" which
12 precluded her from properly exhausting his state remedies, the Court declines to reach the
13 issue of prejudice. *Engle*, 456 U.S. at 134 n. 43.

**3. Fundamental Miscarriage of Justice**

15 Additionally, Petitioner has not shown that failure to consider the issues raised in her
16 Petition will result in a fundamental miscarriage of justice. A federal court may review the
17 merits of a procedurally defaulted habeas claim if the petitioner demonstrates that failure to
18 consider the merits of his claim will result in a "fundamental miscarriage of justice." *Schlup*,
19 513 U.S. at 327. A "fundamental miscarriage of justice" occurs when a constitutional
20 violation has probably resulted in the conviction of one who is actually innocent. *Id.*

21 This gateway "actual innocence" claim differs from a substantive actual innocence
22 claim. *Smith v. Baldwin*, 466 F.3d 805, 811-12 (9th Cir. 2006). The Supreme Court described
23 the gateway showing in *Schlup*, 513 U.S. at 315-16, as a less stringent standard than a
24 substantive claim of actual innocence. *See also Carriger v. Stewart*, 132 F.3d 463, 476 (9th
25 Cir. 1997) (suggesting that a "habeas petitioner asserting a freestanding innocence claim
26 must go beyond demonstrating doubt about his guilt and must affirmatively prove that he is
27 innocent."). If Petitioner passes through the *Schlup* gateway, the court is only permitted to
28 review her underlying constitutional claims. *Smith*, 466 F.3d at 807. The fundamental

miscarriage of justice exception applies only to a "narrow class of cases" in which a petitioner makes the extraordinary showing that an innocent person was probably convicted due to a constitutional violation. *Schlup*, 513 U.S. at 231. To demonstrate a fundamental miscarriage of justice, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Id*. at 327. To establish the requisite probability, Petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. New evidence presented in support of a fundamental miscarriage of justice may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Id.* at 324; *see also, House v. Bell*, 547 U.S. 518 (2006) (stating that a fundamental-miscarriage-of-justice contention must involve evidence that the trial jury did not have before it).

Petitioner has not established that, in light of newly discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 327.

### III. An Alternative Merits Analysis

#### A. Standard of Review

This Court's review of Petitioner's claims is constrained by the applicable standard of review set forth in 28 U.S.C. § 2254(d), as amended in 1996 by the AEDPA. The ADEPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). The standard in § 2254(d) is "meant to be" "difficult to meet." *Harrington v. Richter*, ___ U.S. ___ , 131 S.Ct. 770, 786 (2011). Section "2254 stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Id*. (citations omitted). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunction in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

If an habeas corpus petition includes a claim that has been "adjudicated on the merits in State court proceedings," federal habeas relief is not available unless it is shown that the state court's decision "was contrary to" federal law then clearly established in the holdings of the United States Supreme Court, § 2254(d)(1); *Green v. Fisher*, __ U.S. __, 132 S.Ct. 38, 43 (2011); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2). *Richter*, 131 S.Ct. at 785; *see also Mancebo v. Adams*, 435 F.3d 977, 978 (9th Cir. 2006). This is a "difficult to meet," *Richter*, 131 S.Ct. at 786, and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (citation and internal quotation omitted). The petitioner bears the burden of proof. *Id.* at 25.

To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court which existed at the time of the state court's decision. *Richter*, 131 S.Ct. at 786 (citing *Renico v. Lett*, __ U.S. __ , 130 S.Ct. 1855, 1866 (2010)). The Ninth Circuit has acknowledged that it cannot reverse a state court decision merely because that decision conflicts with Ninth Circuit precedent on a federal constitutional issue. *Brewer v. Hall*, 378 F.3d 952, 957 (9th Cir. 2004); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003). Even if the state court neither explains its ruling nor cites United States Supreme Court authority, the reviewing federal court must nevertheless examine Supreme Court precedent to determine whether the state court reasonably applied federal law. *Richter*, 131 S.Ct. at 784 (citing *Early v. Packer*, 537 U.S. 3, 8 (2003)). Compliance with the habeas statute "does not even require awareness of [U.S. Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *Richter*, 131 S.Ct. at 784. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state to deny relief. This is so whether or not the state court reveals which of the elements in a

multipart claim it found insufficient, for § 2254(d) applies when a 'claim', not a component of one, has been adjudicated." *Id.*

Under § 2254(d), a state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S 12, 14 (2003) (citations omitted); *Williams*, 529 U.S. at 411. A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Id.* at 405; *Brown v. Payton*, 544 U.S. 133, 141 (2005). An incorrect application of federal law does not satisfy this standard. *Yarborough v. Alvarado*, 541 U.S. 652, 665-66 (2004) (stating that "[r]elief is available under § 2254(d)(1) only if the state court's decision is objectively unreasonable."). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 131 S.Ct. at 786 (citing *Yarborough*, 541 U.S. at 664). "'[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determination.'" *Id.* The Court will consider Petitioner's claims in view of the foregoing standard.

Petitioner's claims are that she was denied her Fifth and Fourteenth due process rights and her Sixth Amendment right to a speedy trial.[5] Petitioner has no constitutional right to due process on her detainer warrant, nor does she have a constitutional right to a speedy trial on

---

[5]Although Petitioner appears to argue that her Arizona sentence should run concurrently with her Texas sentence, the decision to impose concurrent or consecutive sentences is a matter of state criminal procedure and is not within the purview of federal habeas corpus. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *Ramirez v. Arizona*, 437 F.2d 119, 120 (9th Cir. 1971). Furthermore, there is no right to concurrency inherent in the due process clause of the Fourteenth Amendment. *Israel v. Marshall*, 125 F.3d 837, 839 (9th Cir. 1997) As such, to the extent Petitioner is raising this claim, her claim lacks merit.

a probation revocation hearing.[6] *See, e.g., Chambers,* 1993 WL 386715, at *1 (holding that there is no "constitutionally protected right simply by issuance of a probation violation warrant" and that there is no "right to a probation revocation hearing until [the prisoner] is held in custody on the basis of the probation violation warrant."). This is precisely the case before the Court in this case. *See also* Ariz. Const. Art. 2 § 24 (in criminal prosecutions, accused has a right to a speedy trial); *State v. Burkett*, 179 Ariz. 109, 114, 876 P.2d 1144, 1149 (1993) (right to speedy trial applicable through sentencing). As such, Petitioner has not established that her Fifth, Sixth, or Fourteenth Amendments have been violated. If, and when, Petitioner may become subject to a revocation hearing, she would be entitled to due process, including a revocation hearing. *See, e.g., State v. Adler,* 189 Ariz. 280, 282, 942 P.2d 439, 441 (Ariz. 1997) (revocation hearing required when a person is subject to probation revocation). In summary, Petitioner's claims fail on the merits; therefore, she is not entitled to habeas relief.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, doc. 1, be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The Petitioner shall have (14) fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the Respondents have (14) fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may

---

[6] The Court notes that if the allegations that Petitioner violated the terms of her State probation occurred before she was placed on probation or she failed to report to her probation officer when she was involuntarily detained in federal custody, the petition will likely be summarily dismissed upon her appearance in State court.

1  result in the acceptance of the Report and Recommendation by the District Court without
2  further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
3  Failure timely to file objections to any factual determinations of the Magistrate Judge will
4  be considered a waiver of a party's right to appellate review of the findings of fact in an order
5  or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Fed.
6  R. Civ. P.

      Dated this 20th day of November, 2012.

                                    Lawrence O. Anderson
                              United States Magistrate Judge