IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Fleming Williamson,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Randy L. Tews,<br><br>　　　　　Respondent. | No. CV-11-02228-PHX-ROS<br><br>**ORDER** |

On January 7, 2011, Petitioner filed a pro se petition for writ of habeas corpus on a form for petitions pursuant to 28 U.S.C. § 2241. (Doc. 2). That petition was filed in the Northern District of California. That court construed the petition as an attempt to challenge Petitioner's conviction from Arizona state court under 28 U.S.C. § 2254. Because such petitions are "preferably heard in the district of conviction," the Northern District of California transferred the case to Arizona. (Doc. 2).

Upon receiving the case from the Northern District of California, the case was referred to Magistrate Judge Lawrence O. Anderson to issue a Report and Recommendation ("R&R"). On November 20, 2012, Magistrate Judge Anderson recommended the petition be denied. In doing so, Magistrate Judge Anderson first agreed with the Northern District of California that this case "is properly construed as a § 2254 Petition." (Doc. 12 at 5). So construed, Magistrate Judge Anderson concluded the petition was untimely, the claims were procedurally defaulted, and the claims fail on their merits. Petitioner filed objections to the

R&R, arguing Magistrate Judge Anderson misunderstood the nature of her petition. (Doc. 13). Petitioner explained that she "is not appealing her case(s), nor is she appealing her sentence(s)." Instead, it appears Petitioner is seeking an order requiring Arizona either initiate probation revocation proceedings against her or elect to permanently dismiss the probation revocation charges.

## I. Standard for Review of Magistrate Judge Anderson's Findings

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.* Generally, objections must be *specific*. Fed. R. Civ. P. 72(b)(2). And "general, non-specific objections" are not sufficient to require the District Court "conduct *de novo* review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005 (D. Ariz.).

## II. Review of Magistrate Judge Anderson's Findings

Petitioner did not object to the factual findings made by Magistrate Judge Anderson. Therefore, the following factual findings will be accepted. In September 2008, Petitioner was sentenced in Maricopa County Superior Court to serve two concurrent two-year terms of supervised probation. Approximately one month later, Petitioner was indicted in the United States District Court for the Western District of Texas. In May 2009, Petitioner pled guilty in Texas and was sentenced to 210 months in the Bureau of Prisons, followed by a five-year term of supervised release. While in federal custody, Petitioner learned Arizona had initiated probation revocation proceedings against her. Petitioner then filed a request with the Maricopa County Superior Court to "terminate probation and quash warrants." (Doc. 9-1 at 21). That motion argued the pending Arizona probation proceedings were preventing her from participating in certain programs while in federal custody. The Maricopa County Superior Court construed the request as a Rule 32 petition for post-conviction relief but denied the request, finding it had no authority to modify Petitioner's sentence.

Based on these events, Petitioner turned to the federal courts. As best as the Court can determine, Petitioner is now seeking to compel Arizona to immediately move forward with the probation revocation hearing. Alternatively, Petitioner requests the Court rule that any probation revocation hearing when she is released from federal custody would violate her right to a speedy trial. (Doc. 13 at 3). Magistrate Judge Anderson concluded Petitioner was not entitled to either type of relief. The Court agrees, but for slightly different reasons than those set forth in the R&R.

To the extent Petitioner is seeking an order requiring Arizona take immediate action regarding her probation, the Court has no power to order such relief.[1] *Cf. Von Staich v. Gonzales*, 2011 WL 7971744, at *2 (C.D. Cal. Nov. 18, 2011) (dismissing challenge to federal detainer by inmate in state custody); *Carter v. Uribe*, 2010 WL 234803, at *2 (C.D. Cal. Jan. 13, 2010) (dismissing for lack of jurisdiction a challenge to detainer). And Petitioner cannot challenge the Arizona probation revocation proceeding that has not yet occurred. Of course, if Arizona should choose to initiate probation revocation hearings upon Petitioner's release from federal custody, and Petitioner's probation is revoked, she would be free to file suit claiming her federal constitutional rights were violated in obtaining that revocation.[2] *See Carter*, 2010 WL 234803, at *2 (C.D. Cal. Jan. 13, 2010) (noting prisoner in state custody must wait until he is actually in federal custody to challenge a federal detainer). But at the present time, no revocation has occurred and Petitioner has not

---

[1] The Northern District of California may have been incorrect when it construed the petition as one brought under 28 U.S.C. § 2254. That statute applies only to individuals "in custody pursuant to the judgment of a State court." 28 U.S.C. 2254(a). It is undisputed that Petitioner is in *federal* custody, not custody pursuant to a state judgment. Therefore, Petitioner may be correct that 28 U.S.C. § 2241 is the more appropriate basis for her suit. *See Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004). But even § 2241 only allows for relief in limited circumstances, and the present circumstances do not qualify as Petitioner is not alleging her *current* confinement is in violation of the Constitution or laws or treaties of the United States. *See Von Staich*, 2011 WL 7971744, at *2 (noting petitioner challenging detainer did not fall into any category set forth in § 2241).

[2] The Court expresses no opinion regarding the merits of any such future petition.

- 3 -

identified a federal constitutional violation she has already suffered. The fact that Petitioner is not eligible to participate in certain programs due to Arizona's detainer does not make federal habeas corpus available.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment dismissing this case without prejudice.

DATED this 30th day of January, 2013.

Roslyn O. Silver
Chief United States District Judge

- 4 -